Murphy, Ernest B., J.
On July 2, 2002, the defendant, Amanda Frederickson (hereinafter, “Frederick-son”), reported to Shrewsbury Police that the plaintiff, Neil Benoit (hereinafter, “Benoit”), had sexually assaulted her on June 30, 2006. The record does not reveal at what approximate time on that date the alleged rape occurred. In her statement to police on July 2, Frederickson likewise reported that Benoit had sexually assaulted, forcibly raped, and sodomized Frederickson when she was a minor. Upon these allegations, applications for criminal complaints were filed against Benoit in the Worcester District Court, and thereafter, Benoit was immediately arrested at his workplace.
All charges pending against Benoit were dismissed when Frederickson failed to appear for a probable cause hearing scheduled after the arrests.
Subsequently, on July 27, 2005, Benoit filed the instant action, alleging malicious prosecution, false imprisonment, defamation, and a violation of G.L.c. 231, §85G.
Frederickson brings this Special Motion To Dismiss pursuant to G.L.c. 231, §59H (the so-called “Anti-SLAAP Statute”).
After a hearing and review of submissions of counsel, and for the following reasons, the Defendants’ Special Motion To Dismiss pursuant to G.L.c. 231, §59H is DENIED.

FINDINGS OF FACT

Pursuant to G.L.c. 231, §59H, the Court shall consider the pleadings and supporting and opposing *476 affidavits stating the facts upon which the liability and defense is based.
Amanda Frederickson, together with her parents Susan and Michael, reported that Benoit had perpetrated sexual crimes against her over a period of at least eleven years. Following the report, Benoit was arrested on a charge of forcible rape. On September 25, 2002, Frederickson notified the Assistant District Attorney in charge of the case that she would not testify at the probable cause hearing.
The charges were then dismissed for lack of prosecution.
In his complaint, Benoit alleges that the Fredericksons intentionally gave false statements to the police which led to his arrest. Following his arrest, Benoit was imprisoned. He was subject to negative media scrutiny, and alleges that he suffered humiliation and mental anguish. He alleges he has lost his job.
Benoit has furnished the Court with two affidavits which purport to establish that he was in the presence of friends on June 30,2002, but these affidavits, taken collectively, do not account for a substantial number of hours on June 30, 2002. Because the record does not indicate a precise time for the alleged rape, the Court does not credit these affidavits.

CONCLUSIONS OF LAW

The Legislature enacted G.L.c. 231, §59H, the Anti-Strategic Lawsuits Against Public Policy (anti-SLAPP) statute to preserve a party’s right to petition. “The anti-SLAPP statute ... was enacted by the Legislature to provide a quick remedy for those citizens targeted by frivolous lawsuits based on their government petitioning activities.” Kobrin v. Gastfriend, 443 Mass. 327, 331 (2005).
In order to prevail on a special motion to dismiss pursuant to G.L.c. 231, §59H, the “moving party who ‘asserts’ protection for its petitioning activities [must] make a threshold showing through the pleadings and affidavits that the claims against it are ‘based on’ the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002), quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161 (1998). The motive behind the petitioning activity is irrelevant at this initial stage. Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002), citing Fabre v. Walton, 436 Mass. 517, 524 (2002). If the moving party is successful, the burden then shifts to the opposing party who must then show by pleadings and affidavits, and by a preponderance of the evidence, that the moving party’s petitioning activities were (1) devoid of any reasonable factual support or arguable basis in law, and (2) the activity caused the nonmoving party actual harm. Office One, 437 Mass. at 123, citing G.L.c. 231, §59H; Baker v. Parsons, 434 Mass. 543, 553 (2001); Duracraft, 427 Mass. at 165. “It is not necessary that the challenged activity be motivated by a matter of public concern.” Office One, 437 Mass. at 122, citing Duracraft, 427 Mass. at 164.
Simply stated, in resolving this matter, the Court distinguishes between the “motive behind the petitioning activities,” which the Court agrees is immaterial, and the notion of “legitimate petitioning activities” themselves.
The Court concludes that the use of legal process through the arrest and incarceration of Benoit, and the concomitant damaging publicity and adverse employment event suffered by Benoit cannot be said to be, ipso facto, “legitimate petitioning activities.” Such use of legal process, at least on the facts of this case, must be deemed “conditionally legitimate petitioning activities.”
The stark essence of Benoit’s claim is that there was no basis in truth for these criminal charges to have been sought by the Fredericksons, that all three Fredericksons well knew the same, and that the initiation of the charges constituted a malicious abuse of process.
Benoit points to the failure of the complainant to attend a probable cause hearing as “smoking gun” evidence of same.
In this Court’s opinion, Benoit is entitled to discover evidence on that aspect of the case and put the issue of whether the petitioning activities were “legitimate,” vel non, to a trier of fact.
Should such a trier of fact conclude that none of the alleged sexual crimes had been committed against Amanda, and that Amanda and her parents well knew that fact, and should thereupon determine that the legal process was maliciously abused, it would follow syllogistically that “malicious petitioning activities” are legally inconsistent with “legitimate petitioning activities.”
On the record of this case, Benoit has a legal right to pursue this action, and the protections of the Anti-SLAPP Statute are unavailing to the Defendants.

ORDER

Based on the foregoing reasons, it is hereby ORDERED that Defendants’ Special Motion to Dismiss pursuant to G.L.c. 231, §59H be, and hereby is, DENIED.