Agnes, Peter W., J.
Yum! Brands, Inc. (“Yum”), the defendant/plaintiff-in-counterclalm, filed a three-count counterclaim against Renaissance Development Corp. (“Renaissance”), the plaintiff/defendant-in-counterclaim. This motion is before the court on Renaissance’s special motion to dismiss the claims against it pursuant to G.L.c. 231, 59H.[2] For the reasons stated below, Renaissance’s motion is ALLOWED.

BACKGROUND

This dispute concerns a proposed construction project on a parcel of land located in the Town of Auburn and owned by Mass Ten Enterprises, LLC (“Mass Ten”). Mass Ten has leased this parcel to Yum, which intends to operate a Taco Bell Restaurant on the site. The Zoning Board of Appeals of the Town of Auburn (“the Board”) gave its approval to Mass Ten and Yum for this project. This approval included the granting of several variances for the operation of a drive through and the erecting of commercial signage.
Renaissance operates a Burger King facility also on Route 12 in Auburn. It has filed suit, as an aggrieved abutter, pursuant to G.L.c. 40A, appealing the decision of the Board. Yum filed a three-count counterclaim against Renaissance alleging interference with advantageous contractual relations and violations of G.L.c. 93A, 2, 9, 11 and seeking a declaratoiy judgment under G.L.c. 231A that Yum has a right to construct a fast food restaurant on the proposed site.

DISCUSSION

General Laws c. 231, 59H, popularly termed the “Anti-SLAPP” statute, is intended to provide “broad protections for individuals who exercise their right to petition from harassing litigation and the costs and burdens of defending against retaliatory lawsuits.” Kalter v. Wood, 67 Mass.App.Ct. 584, 591 (2006), quoting Fabre v. Walton, 436 Mass. 517, 520 (2002). “A SLAPP suit, as a general rule, has no merit.” The Cadle Co. v. Schlichtmann, 448 Mass. 242, 248 (2007). Its purpose is “to immunize parties from claims based on their petitioning activities.” Fabre, 436 Mass. at 520. The statute allows a court to dismiss a lawsuit where the cause of action is “based on . . . [a] party’s exercise of its right of petition.” G.L.c. 231, 59H. A party’s right of petition includes, “written or oral statement made before or submitted to a legislative, executive, or judicial body.” Id. “It is not necessary that the petitioning activity be motivated by a matter of public concern.” The Cadle Co., 448 Mass. at 249.
In a special to dismiss bought pursuant to the Anti-SLAPP statute, the initial burden is on the moving party to show that its opponent’s causes of action are founded entirely on the moving party’s petitioning activities. Donovan v. Gardner, 50 Mass.App.Ct. 595, 598-99 (2000). Once the moving party makes this demonstration, the burden then shifts to the opponent to show that “(1) the moving party’s exercise of its right to petition was devoid of any reasonable factual sup *572 port or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party.” Id. at 599. If the opponent cannot make this showing, then the moving party is entitled to a dismissal of the claims against it. If the opponent makes the required showing the burden shifts to the nonmoving party to establish that the moving party’s suit (1) lacked any factual support or legal basis and (2) caused actual injury to the nonmoving party. G.L.c. 231, 59H. “In this way, the legislative purpose behind the statute, to protect parties from harassing lawsuits that have no basis in law and that are filed solely to discourage individuals from exercising their right to petition, is furthered.” The Cadle Co., 448 Mass. at 249.
Renaissance has made a sufficient showing to invoke the protections of the Anti-SLAPP statute. It has shown that Yum counterclaims against it are based solely on its petitioning activities, namely its challenging of the Board’s approval. In its counterclaims, Yum argues that Renaissance has engaged in wrongful conduct by filing an appeal of the Board’s decision in Superior Court. Commencing a lawsuit before a judicial body is an activity protected by the Anti-SLAPP statute. See Adonis v. Whitman, 62 Mass.App.Ct. 850, 851-52 (2005). Because the filing of the appeal is the only action that Yum labels as wrongful, Renaissance has met its initial burden.
In contrast, Yum has not met its burden.[3] It has not demonstrated that, Renaissance’s filing of the appeal, the conduct that Yum labels as wrongful, was entirely devoid of factual support. In the appeal, Renaissance claims that the Board acted arbitrarily and capriciously and exceeded its authority in granting variances to Mass Ten and Yum.[4] Yum responds that the Board, like other zoning boards throughout the state, regularly grants variances of this nature to fast food establishments. However, under Massachusetts law, “the power to grant variances is sparingly to be exercised, and only under exceptional circumstances.” Gamache v. Acushnet, 14 Mass.App.Ct. 215, 224 n.6 (1982). Likewise, “No person has a legal right to a variance.” Guiragossian v. Board of Appeals of Watertown, 21 Mass.App.Ct. 111, 115 (1985). Thus, the court cannot at this time conclude that Renaissance’s claim that the Board acted arbitrarily and capriciously in this instance is devoid of factual support.[5] See McLarnon v. Jokisch, 431 Mass. 343, 344-45 (2000).
Finally, Yum’s contention that Renaissance filed its appeal solely for the purpose to stop a competitive business is of no consequence. In considering a special motion to dismiss, “the motive behind the petitioning activity is irrelevant.” Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002). Thus, even if Yum is correct in this assertion, Renaissance is still entitled to dismissal of the counterclaims against it.

ORDER

For the foregoing reasons, it is hereby ORDERED that Renaissance’s Special Motion to Dismiss is ALLOWED. Additionally, Yum is ordered to pay Renaissance the fees that it incurred to bring this motion. A determination of the amount of such an award of fees will be made on the basis of affidavits filed by interested parties within 21 days of the date of this Memorandum. In addition, the stay on discovery for the underlying matter, the appeal of the Board’s decision, is hereby VACATED.

In its answer, Mass Ten tiled identical counterclaims to those filed by Yum. However, in its special motion Renaissance seeks the dismissal of only the counterclaims filed by Yum. As such, the court will address only those claims in its decision. But the same legal theory would apply to a special motion to dismiss the claims of Mass Ten.

Yum argues that Renaissance’s petitioning activity is causing it actual injury, namely financial losses. The court accepts that assertion and finds that Yum has satisfied the second prong of its burden.

In its special motion to dismiss, Renaissance also claims that it did not receive sufficient notice. However, it did not make this allegation in the complaint.

This Court takes no further position on the legality of the Board’s decision. Additional proceedings may indeed show that the Board acted full within the bounds of the law in granting the variances at issue.