DePiero *v.* Burke.

KIMBERELY DePIERO, trustee,[1] *vs.* RICHARD L. BURKE
& another.[2]

No. 06-P-401.

Essex. November 14, 2006. - September 18, 2007.

Present: PERRETTA, COWIN, & MILLS, JJ.

*"Anti-SLAPP" Statute. Constitutional Law,* Right to petition government. *Abuse of Process. Zoning,* Appeal.

In an action in Superior Court alleging abuse of process, brought against defendant landowners who had filed an unsuccessful zoning appeal arising from the local building inspector's grant of a building permit to the plaintiff, the judge erred in denying the defendants' special motion to dismiss pursuant to G. L. c. 231, § 59H, the "anti-SLAPP" statute, where the plaintiff failed to meet her burden of showing by a preponderance of the evidence that the defendants' unsuccessful zoning appeal had been devoid of legal and factual support. [158-161]

CIVIL ACTION commenced in the Superior Court Department on September 8, 2005.

A special motion to dismiss was heard by *Howard J. Whitehead*, J.

*George O. Gregson* for the plaintiff.

*William H. Sheehan, III*, for the defendants.

PERRETTA, J. When the zoning board of appeals (board) of Newburyport (city) affirmed the city building inspector's grant of a permit allowing the plaintiff, DePiero, to build a single-family residence at 1 Clark Road, the defendants, the Burkes, appealed to the Superior Court pursuant to G. L. c. 40A, § 17 (the zoning appeal). A Superior Court judge concluded that although the Burkes had standing to challenge the board's decision, their substantive claim of insufficient frontage failed. De-

---

[1]Of 3 Spofford Street Realty Trust and 1 Clark Road Realty Trust.
[2]Judith A. Burke.

Piero then brought the present unverified complaint, also in Superior Court, against the Burkes for abuse of process. The Burkes responded with a special motion to dismiss pursuant to G. L. c. 231, § 59H, the anti-SLAPP statute.[3] Another Superior Court judge denied the § 59H motion on the basis of the first judge's decision in the Burkes' zoning appeal. On the Burkes' appeal from the denial of the special motion, see *Fabre* v. *Walton*, 436 Mass. 517, 521-522 (2002), we conclude that DePiero failed to meet the burden of proof required of her by G. L. c. 231, § 59H, and reverse the order denying the special motion to dismiss.

1. *The procedural history.*[4] DePiero is the owner of a lot situated on Spofford Street, which she sought to subdivide to create two single-family residential lots. Her subdivision plan proposed that the two lots would have access to Spofford Street by way of a road to be constructed and named Clark Road. Lot 1 would remain known as 3 Spofford Street and lot 2 would be known as 1 Clark Road. The Burkes' property abuts lot 2.

Hearings before the city's planning board on DePiero's proposal began on August 15, 2001. On August 22, 2001, the Burkes took an appeal to the Department of Environmental Protection (DEP). The basis of that appeal was that the city's conservation commission had approved DePiero's plan without notice to the Burkes and that they believed DePiero's project did not "protect the interests of the Wetland Protection Act." The planning board, on October 17, 2001, after consideration of a traffic impact and access study, as well as the recommendations of the police and fire departments, approved the subdivision with numerous specified conditions, waivers, and requirements, some of which pertained to the proposed construction of Clark Road.

Pursuant to G. L. c. 41, § 81BB, the Burkes filed a timely notice of appeal from the planning board's decision with the Land Court on November 13, 2001, alleging that the planning

---

[3] "SLAPP is an acronym for 'strategic litigation against public participation.'" *Cadle Co.* v. *Schlichtmann*, 448 Mass. 242, 242 n.2 (2007).

[4] We take the facts of the procedural history of the dispute between the parties from the judge's memorandum of decision in the Burkes' unsuccessful zoning appeal, DePiero's abuse of process complaint and its attached exhibits, and her accompanying motion for a writ of attachment with its attached exhibits.

board's approval of DePiero's subdivision plan was based upon the proposed construction of 1 Clark Road and that the proposed road would fail to provide the lot with the frontage required under the city's zoning ordinance. About three and one-half months later, DePiero and the Burkes entered into a stipulation of dismissal, without prejudice, of all claims and counterclaims pending in the Land Court.[5] DePiero then requested and received a foundation permit from the city's building inspector so that she could build a single-family dwelling on lot 2.

The Burkes responded to the issuance of the permit by requesting the building inspector to enforce the frontage requirement of the zoning ordinance. Their request was denied on the stated basis that the planning board had approved the construction pursuant to G. L. c. 41, § 81U. The Burkes then turned to the board, asking that it overturn the building inspector's issuance of a foundation permit to DePiero. When the board denied the Burkes' request, they filed their zoning appeal with the Superior Court pursuant to G. L. c. 40A, § 17. That appeal was based upon the Burkes' assertion of insufficient frontage, that is, because of areas of trees and grass between the property line of lot 2 and the proposed Clark Road, lot 2 had only twenty feet of frontage, whereas the zoning ordinance required 125 feet.

The ordinance provides, in pertinent part:

> "Frontage is the length of the lot along the property line on a public or planning board approved subdivision street on which the lot has legal *and physical access* for pedestrians and four wheeled vehicles . . ." (emphasis added).

Based on this provision, and citing *Fox* v. *Planning Bd. of Milton*, 24 Mass. App. Ct. 572 (1987), the judge in the zoning appeal concluded that twenty feet of access along Clark Road was sufficient to allow for "physical access for pedestrians and four

---

[5]DePeiro alleges in her abuse of process complaint that the Burkes' motivation in entering into the stipulation of dismissal was based upon the requirement that they post a surety bond. The Burkes' explanation for the dismissal was that they "dropped" their appeal to the Land Court because they had no wish to interfere with DePiero's plan as it related to lot 1 and that they did so without prejudice and without waiving their right to pursue the issue of frontage related to lot 2.

wheeled vehicles" and that the areas of grass and trees along the remainder of the property line and Clark Road did "not render the frontage inadequate," and she granted DePiero's motion for summary judgment.

There then followed DePiero's unverified abuse of process complaint against the Burkes, which forms the basis of the instant appeal. The gist of the abuse of process complaint is set out in paragraphs 29 and 31, which read, in pertinent part:

> "29. At the time the [Burkes] brought [their G. L. c. 40A, § 17, appeal], they knew that the Planning Board, the Land Court case, the Building Inspector and the Zoning Board of Appeals had all addressed the same safety and frontage issues raised by [them] regarding the subdivision at 3 Spofford Street and that all these involved parties had subsequently determined that [the Burkes'] concerns were adequately and legally satisfied with the approved subdivision plan.
>
> ". . .
>
> "31. Upon information and belief, [DePiero] contends that the [§ 17 appeal] was brought falsely and maliciously, with the sole intent and purpose of hindering, delaying and potentially preventing construction at the approved subdivision lot now known as 1 Clark Road and the subsequent sale of 3 Spofford Street to disinterested parties."

DePiero also alleges in the abuse of process complaint that the Burkes' actions cost her lost income and damages in the amount of $439,004.37. In an affidavit filed in support of her ex parte motion seeking an attachment on the Burkes' real property located at 1 Spofford Street, DePiero stated that it was her "opinion and belief" that the Burkes' zoning appeal was brought "to accomplish an ulterior purpose."

In response to DePiero's abuse of process complaint, the Burkes filed a motion to dismiss pursuant to G. L. c. 231, § 59H, in which they essentially track the language of the statute, that is, they state that all their complained-of actions were "petitioning activities" which "were not devoid of any reasonable factual support or any arguable basis in law" and which "caused no actual

harm" to DePiero. The sole reason given by the judge in denying the Burkes' special motion to dismiss is as follows:

> "Indubitably this action [for abuse of process] is based upon the [Burkes'] petition[ing] activity, to wit, the initiation of the prior Superior Court action [brought pursuant to G. L. c. 40A, § 17]. Although the fact that [the Burkes] failed to obtain a favorable outcome in that action does not, in [and] of itself, mean that the action was devoid of legal and factual support, the decision of [the judge in the zoning appeal] makes clear that indeed, it was lacking such support, moreover [DePiero was] harmed by the filing of the action, at least to the extent of the legal expenses which they incurred in defending."

2. *Discussion.* The procedure to be followed in ruling on a G. L. c. 231, § 59H, motion is set out in *Duracraft Corp.* v. *Holmes Prod. Corp.*, 427 Mass. 156, 167-168 (1998). See *Adams* v. *Whitman*, 62 Mass. App. Ct. 850, 852-853 (2005). That procedure requires that we first decide whether the Burkes made a "threshold showing through pleadings and affidavits that [their] claim [was] 'based on' [their] protected petitioning activities alone and has no other 'substantial basis' " (footnote omitted). *Ibid.*

Our reading of DePiero's abuse of process complaint, as well as all the exhibits attached thereto, leads us to conclude, as did the judge below, that the Burkes made the showing necessary to satisfy their burden under G. L. c. 231, § 59H. DePiero has made no argument to the contrary, that is to say, she does not challenge the sufficiency of the Burkes' showing that their actions were based on protected petitioning activities.[6]

The next issue to resolve is whether DePiero preserved her abuse of process claim by showing "by a preponderance of the evidence, based on the pleadings and affidavits, that the petitioning activity is 'devoid of any reasonable factual support or any arguable basis in law,' and that 'the [Burkes'] acts caused actual injury' to [her]" (footnote omitted). *Adams* v. *Whitman*, 62

---

[6]Nor does DePiero, in seeking to affirm the denial of the special motion to dismiss, make any argument concerning the determination of the judge in the zoning appeal that the Burkes, based upon their status as abutters and their traffic concerns, had standing to appeal the board's decision.

Mass. App. Ct. at 853, quoting from *Fabre* v. *Walton*, 436 Mass. at 520. While DePiero describes in her brief the numerous actions taken by the Burkes in objecting to her proposed construction that culminated in the filing of their complaint in the zoning appeal, she also states, with emphasis, that she does not argue that "*all* of the Burkes' activities outlined in her Complaint were an abuse of process, but only the instituting of" the zoning appeal.

Based upon that acknowledgment and the fact that the Superior Court judge apparently relied solely on the first judge's memorandum of decision in the zoning appeal as sufficient basis for denying the Burkes' special motion, we look to all that was before the judge in the zoning appeal as well as her memorandum of decision in that case, to determine whether DePiero sustained the burden of proof required of her by G. L. c. 231, § 59H. We do so while keeping in mind that our determination does not turn on whether the zoning appeal judge was correct in granting summary judgment to DePiero. See *Donovan* v. *Gardner*, 50 Mass. App. Ct. 595, 599-601 (2000); *Adams* v. *Whitman*, 62 Mass. App. Ct. at 856-858. Rather, we look to these materials for the sole purpose of determining whether it was "clear" from the judge's memorandum in the zoning appeal that DePiero had sustained her burden of demonstrating by a preponderance of the evidence that the Burkes' appeal in that case was lacking in legal and factual support.

At the hearing before the board on their appeal from the building inspector's grant of a building permit to DePiero, the Burkes' attorney stated that the planning board did not have the right to "vary the zoning ordinance and that is what they did." That was also the argument the Burkes made to the judge in their zoning appeal, i.e., the zoning ordinance required linear frontage of 125 feet on Clark Road so as to provide "legal *and* physical access for pedestrians and four wheeled vehicles" (emphasis added), but because of grass and trees on the property line between lot 2 and Clark Road, there was, in fact, only twenty feet of physical access from Clark Road to lot 2.

The judge in the zoning appeal determined that while planning boards were authorized by G. L. c. 41, § 81R, to waive "strict compliance with [their subdivision] regulations and rules,"

that right was valid only for purposes of subdivision control and that any deviation from the frontage requirement of the zoning ordinance required the approval of the board. Because the planning board's approval of the construction on lot 2 of Clark Road was controlling for subdivision purposes only, the judge next took up the question whether twenty feet of actual physical access was sufficient to satisfy the zoning ordinance without the need for a variance.

It does not appear from the materials before us that the Burkes, in their zoning appeal, disputed that Clark Road was a planning board approved street. Rather, and as previously stated, their position before the board and the zoning appeal judge was that the access from Clark Road to lot 2 was insufficient to satisfy the zoning ordinance, a question that the board did not consider in denying the Burkes' appeal from the building inspector's grant of a building permit to DePiero.

Before us, the Burkes argue that in concluding that twenty feet of access to lot 2 from the planning board's approved Clark Road was sufficient to satisfy the zoning ordinance's requirement for access by "pedestrians and four wheeled vehicles," the judge in the zoning appeal never addressed this issue. Instead, they contend, she relied on cases they deem inapposite because of plausible distinctions. See, e.g., *Gordon* v. *Zoning Bd. of Appeals of Lee*, 22 Mass. App. Ct. 343, 351-352 & n.8 (1986); *Fox* v. *Planning Bd. of Milton*, 24 Mass. App. Ct. at 574; *Karet* v. *Zoning Bd. of Appeals of Worcester*, 27 Mass. App. Ct. 439, 441 (1989). Moreover, there is nothing in DePiero's unverified complaint or affidavit in support of her ex parte request for a writ of attachment that is probative of her allegations that the Burkes acted "maliciously, with the sole intent and purpose of hindering, delaying and potentially preventing construction," rather than in an unsuccessful assertion of their rights of petition. See *Adams* v. *Whitman*, 62 Mass. App. Ct. at 858. See also *Donovan* v. *Gardner*, 50 Mass. App. Ct. at 599-601.

It follows from all that we have said that DePiero failed to meet her burden of showing by a preponderance of the evidence that the Burkes' unsuccessful zoning appeal was devoid of legal and factual support. Because DePiero did not satisfy her burden of proof on that issue, we need not consider whether she was

injured by the Burkes' filing of that zoning appeal. See *Adams v. Whitman*, 62 Mass. App. Ct. at 858.

3. *Conclusion.* The order denying the special motion to dismiss is reversed, and the case is remanded to the Superior Court for entry of a new order consistent with this opinion and including an award of reasonable attorney's fees and costs pursuant to G. L. c. 231, § 59H. Within fifteen days of the date of the issuance of the rescript in this matter, the Burkes may also apply to the panel deciding this appeal for an award of appellate attorney's fees and costs. See *Fabre* v. *Walton*, 436 Mass. at 525.

*So ordered.*