Lemire, James R., J.
On December 29, 2006, the Plaintiffs, Gerald R. Humphrey and Theresa L. Humphrey, filed the present action against the Defendants, Frank J. Pietryka and Cynthia N. Pietryka, claiming that the Defendants maliciously abused process by filing an allegedly meritless complaint against them in Land Court on January 2, 2004. The Defendants counterclaimed for malicious abuse of process. This matter is now before the court on the Defendants’ Special Motion to Dismiss Pursuant to G.L.c. 231, §59H, or, Alternatively to Remand to District Court, the Plaintiffs’ Motion to Strike Unverified Factual Allegations in Defendants’ Special Motion to Dismiss Pursuant to G.L.c. 231, §59H, or, Alternatively to Remand to District Court, and the Plaintiffs’ Motion for Attorneys Fees and Rule 11 Sanctions.
*170 For the following reasons, the Defendants’ Special Motion to Dismiss Pursuant to G.L.c. 231, §59H, is ALLOWED, the Plaintiffs’ Motion to Strike Unverified Factual Allegations in Defendants’ Special Motion to Dismiss Pursuant to G.L.c. 231, §59H, or, Alternatively to Remand to District Court for Resolution is DENIED, and the Plaintiffs’ Motion for Attorneys Fees and Rule 11 Sanctions is DENIED.
BACKGROUND
The following facts are taken from the complaint and the pleadings on the motion. G.L.c. 231, §59H.
At one time, the Plaintiffs and the Defendants owned abutting properties. Unfortunately, a dispute arose regarding the exact location of the boundary line between the two properties, and on January 2, 2004, in an attempt to resolve the dispute, the Defendants filed a complaint against the Plaintiffs in Land Court. During the Land Court litigation, the Plaintiffs did not file a Motion to Dismiss or a Motion for Summary Judgment. In June of 2005, the Defendants filed a Motion for Summary Judgment. The Plaintiffs opposed the motion but did not cross move for summary judgment. The Land Court ultimately denied the Defendants’ motion. In March of2006, the Defendants sold their property to John Parsons (Parsons). No longer an interested party, the Defendants filed a Motion for Voluntary Dismissal. In an October 12, 2006, letter to the Land Court opposing the Defendants’ Motion for Voluntary Dismissal, the Plaintiffs stated, “the boundary line remains ambiguous and undetermined.” Shortly thereafter, the Land Court allowed the Defendants’ Motion for Voluntary Dismissal. On November 20, 2006, the Plaintiffs filed a third-party complaint against Parsons. In their joint pre-trial memorandum, the Plaintiffs and Parsons indicated that there was an issue of fact regarding the exact location of the boundary line. On April 28, 2008, the Land Court issued a decision in which the Court found that the surveys relied on by both parties were inaccurate. As a result, the Land Court ordered the parties to split the cost of obtaining a new survey and to file the new survey with the Court on or before May 27, 2008.
DISCUSSION[3]
The Defendants argue that G.L.c. 231, §59H, the Massachusetts Anti-SLAPP statute, requires dismissal of the Plaintiffs’ complaint. General Laws c. 231, §59H, provides that, “(i]n any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss.” In order to prevail on its Special Motion to Dismiss, the Defendants must first establish “through the pleadings and affidavits that the claims against [them] are based on the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-68 (1998). If the Defendants successfully establish these threshold requirements, the court will grant their Special Motion to Dismiss unless the Plaintiffs prove that, “(1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party.” G.L.c. 231, §59H.
A thorough review of the amended complaint reveals that the sole basis for the Plaintiffs’ abuse of process claim is that the Defendants filed an allegedly meritless complaint in Land Court on January 2, 2004. The Plaintiffs do not allege any other wrongdoing on the part of the Defendants. As such, this court finds that the Plaintiffs’ abuse of process claim is based solely on the Defendants’ petitioning activities and has “no substantial basis other than or in addition to the petitioning activities.” See Duracraft Corp., 427 Mass. at 167-68; see also Fabre v. Walton, 436 Mass. 517, 524 (2002) (holding that, where Plaintiffs complaint only complained of Defendant’s petitioning activity and failed to allege any other wrongful conduct, Plaintiffs abuse of process claim was based solely on Defendant’s petitioning activities and had no other basis).
The burden now shifts to the Plaintiffs, who, in order to survive the Defendants’ Special Motion to Dismiss, must establish that the Defendants’ Land Court complaint was “devoid of any reasonable factual support or any arguable basis in law.” G.L.c. 231, §59H. Several facts prevent the Plaintiffs from meeting this burden. First, in an October 12, 2006, opposition to the Defendants’ Motion for Voluntary Dismissal, the Plaintiffs informed the Land Court that, “The boundary line remains ambiguous and undetermined.” Second, in a joint pre-trial memorandum, both the Plaintiffs and Parsons indicated that there was an issue of fact as to the exact location of the boundary line. Third, the Plaintiffs never filed a motion to dismiss or a motion for summary judgment during the Land Court case. Fourth, the Defendants filed a motion for summary judgment in the Land Court case, which the Court denied. Finally, on April 28, 2008, the Land Court issued a decision declaring that both parties’ surveys were inaccurate and directed the parties to split the cost of obtaining a revised survey and to file the revised survey with the Court no later than May 27, 2008. These facts suggest that the Plaintiffs themselves, as well as the Land Court, acknowledged that there was a genuine dispute over the exact location of the boundary line, and contradict the Plaintiffs’ current contention that the Defendants’ Land Court complaint was without factual or legal support. Because the Plaintiffs are unable to meet their burden of demonstrating that the Defendants’ Land Court complaint was “devoid of any reasonable factual support or arguable basis in law,” the Defendants’ Special *171 Motion to Dismiss must be allowed. G.L.c. 231, §59H.[4], [5]
ORDER
For the foregoing reasons, the Defendants’ Special Motion to Dismiss pursuant to G.L.c. 231, §59H, is ALLOWED, and the Defendants may submit a request for attorneys fees incurred in connection with the Plaintiffs’ abuse of process claim in accordance with Superior Court Rule 9A. In addition, the Plaintiffs’ Motion to Strike Unverified Factual Allegations in Defendants’ Special Motion to Dismiss Pursuant to G.L.c. 231, §59H, or, Alternatively to Remand to District Court for Resolution is DENIED, and the Plaintiffs’ Motion for Attorneys Fees and Rule 11 Sanctions is DENIED.

Nile Plaintiffs move to strike several portions of the Defendants’ Special Motion to Dismiss on the grounds that the statements are unverified. However, because materials in the record corroborate the allegedly unverified portions of the Defendants’ motion, the Plaintiffs’ motion is denied.

The Plaintiffs contend that the Defendants’ Special Motion to Dismiss should be dismissed as untimely. While it is true that the Defendants’ motion was not filed within sixty days of service of the complaint, as set forth in G.L.c. 231, §59H, considering the fact that the Land Court case was ongoing during the pendency of the present action, this court exercises its discretionary power to entertain the motion regardless of its late filing. See G.L.c. 231, §59H.

The Plaintiffs move for attorneys fees and Rule 11 sanctions with regard to the Defendants’ Special Motion to Dismiss claiming that the motion was filed for the sole purpose of delaying discovery. Because this court finds that the Plaintiffs’ complaint is in violation of the Massachusetts Anti-SLAPP statute, the court disagrees with the Plaintiffs’ contention. As such, the Plaintiffs’ Motion for Attorneys Fees and Rule 11 Sanctions is denied.