The plaintiff, Milton Lopez, appeals from an order of the District Court denying his special motion to dismiss the defendant Mansour El-Werfalli's counterclaims for abuse of process and violation of G. L. c. 93A, pursuant to the anti-SLAPP statute, G. L. c. 231, § 59H.[2] On appeal, Lopez claims the motion judge erred in concluding that El-Werfalli's counterclaims were not SLAPP claims. We affirm.
To prevail on a special motion to dismiss under the anti-SLAPP statute, the movant bears the initial burden of showing that the nonmovant's claims "are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 147 (2017), quoting Fustolo v. Hollander, 455 Mass. 861, 865 (2010). If the movant makes this showing, the burden shifts to the nonmovant to prove that the petitioning activity "was devoid of any reasonable factual support or any arguable basis in law" and caused the nonmovant "actual injury." G. L. c. 231, § 59H. See Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 165, 168 (1998). In applying this burden-shifting test, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." G. L. c. 231, § 59H. See Blanchard, supra at 160. "If the nonmoving party cannot make this showing, it may then attempt to meet its burden under the augmented Duracraft framework as set out in Blanchard by showing that its claim was not 'brought primarily to chill,' see Blanchard, 477 Mass. at 159, quoting Duracraft, 427 Mass. at 161, the special movant's legitimate petitioning activities but rather 'to seek damages for the personal harm to [it] from [the] defendants' alleged ... [legally transgressive] acts.' See Blanchard, supra at 160." 477 Harrison Ave., LLC v. JACE Boston, LLC, 477 Mass. 162, 168 (2017). We examine each counterclaim separately and we review the judge's ruling for abuse of discretion or error of law. See Baker v. Parsons, 434 Mass. 543, 550 (2001).
In his G. L. c. 93A, § 11, counterclaim, El-Werfalli alleged that Lopez failed to abide by the terms of the lease, including Lopez's failure to obtain insurance for the commercial premises and properly maintain the premises. El-Werfalli further claims that Lopez's attempt to collect damages after the fire while knowing that El-Werfalli had relied on Lopez's duty to obtain insurance and maintain the premises was an unfair and deceptive trade practice. Given these allegations, the judge did not abuse his discretion in denying the special motion to dismiss because Lopez failed to meet his initial hurdle of showing that the 93A claims were "based on the petitioning activities alone and ha[d] no substantial basis other than or in addition to the petitioning activities." Blanchard, supra at 147. See 477 Harrison Ave., LLC, supra at 168, 171.
The abuse of process claim stands on a different footing. In this counterclaim, El-Werfalli asserts that Lopez, by filing the underlying meritless and improper action, is attempting to recover monies he is not due. "Given that the invocation of process necessarily constitutes petitioning activity for the purposes of the anti-SLAPP statute, see G. L. c. 231, § 59H (petitioning activity includes 'any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding'), an actionable abuse of process claim will always be, at least in part, based on a special movant's petitioning activities." 477 Harrison Ave., LLC, 477 Mass. at 169. The key inquiry here is whether "the only conduct complained of is ... petitioning activity." Fabre v. Walton, 436 Mass. 517, 524 (2002). Here, Lopez met his burden that the claim was based on petitioning activity alone.
As Lopez met the initial burden, the analysis then shifts to El-Werfalli to demonstrate, "by a preponderance of the evidence," that Lopez's petitioning activity upon which the abuse of process claim is based is illegitimate -- i.e., that it "lacked any reasonable factual support or any arguable basis in law," Baker, 434 Mass. at 553-555, and caused it "actual injury." G. L. c. 231, § 59H. In the alternative, if he cannot make this showing, El-Werfalli may now also prevail by establishing to the judge's fair assurance that its abuse of process claim is not a SLAPP suit under the augmented Duracraft framework -- i.e., "that [his] primary motivating goal in bringing [his] claim, viewed in its entirety, was 'not to interfere with and burden [Lopez's] ... petition rights, but to seek damages for the personal harm" to him from Lopez's alleged conduct. Blanchard, 477 Mass. at 160.
Here, El-Werfalli's abuse of process counterclaim rests on two grounds other than Lopez's invocation of process: (1) Lopez breached the lease by not obtaining insurance for the premises, and (2) El-Werfalli is blameless and owes Lopez no money. Passing on the legitimacy of the claim, we conclude that, on this record, the judge could have been fairly assured that the abuse of process claim is not a SLAPP suit. Id. The abuse of process count was brought as a counterclaim to Lopez's action, i.e., his petitioning activity. Accordingly, it is difficult to discern how the counterclaim could interfere with or burden Lopez's petitioning activity, when the action had already been filed, especially where the abuse of process count is just one of several unrelated counterclaims.[3]
Order denying special motion to dismiss affirmed.

This interlocutory appeal is properly before us under the doctrine of present execution. Fabre v. Walton, 436 Mass. 517, 521-522 (2002).

Lopez's request for attorney's fees is denied.