NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-3

YI CHENG

vs.

JIN CHUNG FAN & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Yi Cheng, appeals from an order of the District Court denying her special motion to dismiss the counterclaim of the defendant, Jin Chung Fan, for abuse of process pursuant to the anti-SLAPP statute, G. L. c. 231, § 59H. On appeal, the plaintiff claims that the judge erred in concluding that she failed to meet her burden of establishing that the counterclaim was based solely on her petitioning activity.  We affirm.

Background.  The plaintiff and defendant each manage competing Facebook groups that cater to the Taiwanese community in the greater Boston area.  The plaintiff, who is a realtor,

---

[1] Ying Ying Jen, also known as Ying Ma.  See note 2, infra.

filed suit alleging that the defendant committed libel, slander, fraud, conspiracy, and intentional infliction of emotional distress by employing negative tactics to encourage Facebook users to leave plaintiff's Facebook group and join the defendant's competing Facebook group.[2]  The plaintiff also alleges that the defendant conspired with a third party to create a fictitious Facebook user and then extorted over $15,000 from the plaintiff.  The defendant filed an answer denying the allegations and filed a counterclaim for abuse of process alleging that the plaintiff filed this lawsuit for an ulterior purpose.[3]  The abuse of process counterclaim is the subject of

---

[2] We note that the plaintiff also named another defendant, Ying Ying Jen, also known as Ying Ma or "Ms. Jen," who is not a party to the appeal.  The conspiracy count alleges that the defendant conspired with Ms. Jen and concocted a false story to harm the plaintiff's reputation with members of her own Facebook group.

[3] A counterclaim for abuse of process has three elements: "(1) that process was used, (2) for an ulterior or illegitimate purpose, (3) resulting in damage."  477 Harrison Ave. LLC. v. JACE Boston, LLC, 477 Mass. 162, 168-169 (2017) (Harrison I).  An abuse of process claim, "has been described as a form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money" (quotation and citation omitted).  Id. at 169.  See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636 (2010) ("To sustain an abuse of process claim, the fact finder must find that process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed" [quotation and citation omitted]).  "For example, a party's attempt to use an invocation of process to extort an opposing party constitutes a substantial non-

2

the anti-SLAPP motion to dismiss and the matter before us on appeal.

Discussion. Under G. L. c. 231, § 59H, a party may file a special motion to dismiss if "the civil claims, counterclaims, or cross claims" against it are based solely on its exercise of the constitutional right to petition. In Bristol Asphalt Co. v. Rochester Bituminous Products, Inc., 493 Mass. 539 (2024), the Supreme Judicial Court clarified the standard of review and revised the framework used to assess special motions to dismiss under G. L. c. 231, § 59H.[4] Describing the special motion to dismiss as "strong medicine" the court noted that it should be "employed in a limited context" to "expeditious[ly] eliminat[e] . . . meritless lawsuits based on petitioning activities alone." Id. at 555.

At the first stage of the framework, the moving party, here the plaintiff, must make a "threshold showing through the pleadings and affidavits that the claims are 'based on' the [party's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activity"

---

petitioning basis for an abuse of process claim." Harrison I, supra at 169.

[4] The court explained in a companion case that this revised framework applies to all cases in which an anti-SLAPP motion or appeal remains pending as of the issuance of the rescript in Bristol Asphalt, supra. See Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 578 (2024).

3

(citation omitted).  Bristol Asphalt Co., 493 Mass. at 555.  If the proponent cannot make this threshold showing, the special motion to dismiss must be denied.  If the proponent makes that threshold showing, then the analysis turns to the second stage.  At the second stage, the burden shifts to the non-moving party to show by a preponderance of evidence that the moving party was engaged in "sham" petitioning (in other words, a showing of no reasonable basis in fact or law) that resulted in harm.  Id. at 557.  We review the denial of the plaintiff's anti-SLAPP motion de novo.  Id. at 560-561.

Turning to the first stage, there is no doubt that the "[c]ommencement of litigation is quintessential petitioning activity."  477 Harrison Ave., LLC v. JACE Boston, LLC, 483 Mass. 514, 520 (2019) (Harrison II).  When a claim or counterclaim of abuse of process is met by a special motion to dismiss, we must recognize that "[g]iven that the invocation of process necessarily constitutes petitioning activity for the purposes of the anti-SLAPP statute, . . . an actionable abuse of process claim will always be, at least in part, based on a special movant's petitioning activities."  477 Harrison Ave. LLC. v. JACE Boston, LLC, 477 Mass. 162, 169 (2019) (Harrison I).  However, an abuse of process claim does not always mean that the claim is based solely on the petitioning activity.  In other words, the anti-SLAPP statute "does not immunize a

4

plaintiff from counterclaims that are 'filed in response to the claim'; it does, however, provide respite from counterclaims that are based 'solely on' that petitioning activity" (citation omitted). Harrison II, supra at 525. The question that must be answered is whether "the only conduct complained of is . . . petitioning activity." Fabre v. Walton, 436 Mass. 517, 524 (2002).

The defendant's counterclaim alleges that the plaintiff filed a baseless lawsuit against him first in the Superior Court and then in District Court. As explained above, the conduct of filing the lawsuit in the Superior and District Courts is protected petitioning activity. Harrison II, 483 Mass. at 520. The pleadings and supporting affidavit, however, also allege that the filing of the lawsuit was a continuation of a Facebook feud between the parties and that the plaintiff engaged in a pattern of behavior intended to harass the defendant and to punish him for managing a rival Facebook group. Finally, the counterclaim alleges that the plaintiff made defamatory statements against the defendant, falsely claimed that the defendant had extorted money from the plaintiff and suggested that the defendant had committed crimes, all for the purpose of having more followers of her Facebook group and less for the defendant. The counterclaim, therefore, is not solely based

5

upon the plaintiff's petitioning activity, and the special motion to dismiss was properly denied.[5]

Order denying special motion to dismiss affirmed.

By the Court (Meade, Walsh & Smyth, JJ.[6]),

*Paul Little*

Clerk

Entered:  December 11, 2024.

---

[5] The plaintiff's request for costs of appeal is denied.

[6] The panelists are listed in order of seniority.