## Psy-Ed Corporation & another[1] *vs.* Stanley Klein & another.[2]

No. 03-P-660.

Middlesex. March 4, 2004. - September 23, 2004.

Present: Armstrong, C.J., Cowin, & McHugh, JJ.

*Rules of Civil Procedure. Attorney at Law,* Assessment of costs. *Practice, Civil,* Attorney's fees, Costs, Judicial discretion. *Due Process of Law,* Costs, Hearing.

In considering the record on a motion for sanctions against an attorney under Mass.R.Civ.P. 11(a), including an affidavit submitted by the attorney stating that he had a good faith belief that the position he was advocating was justified, the Superior Court judge, in reviewing the credibility of that affidavit, did not apply an incorrect legal standard [113-114], and her findings rejecting the attorney's affidavit and concluding that the attorney's actions were motivated by an intent to harass the opposing party and drive up that party's costs were fully supported by the evidence [114-117]; further, the amount of the sanction awarded was neither excessive nor an abuse of discretion [117-118], and the absence of a hearing on the matter did not, in the circumstances, deprive the attorney of any rights [118].

Civil action commenced in the Superior Court Department on December 17, 1999.

A motion for sanctions was heard by *Janet L. Sanders,* J.

*Joseph H. Reinhardt (Edwin A. McCabe* with him) for the plaintiffs.

*Sigmund J. Roos (George P. Field* with him) for the defendants.

Cowin, J. We consider the appeal of the plaintiffs' attorney, Edwin A. McCabe, from an order of a judge of the Superior Court directing that he pay, as a sanction under Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974), certain attorney's fees and

---

[1]Joseph Valenzano, Jr.

[2]Kimberly Schive.

expenses incurred by the defendant, Stanley Klein, and his counsel, George Field. McCabe asserts that the judge applied an incorrect legal standard, made unwarranted findings, and failed to provide a required hearing. There was no error. We conclude that the imposition of sanctions in the circumstances was entirely justified, and we affirm the order.

1. *Background.* The relevant facts and proceedings are matters of record. The defendant, Klein, having been forced out of the plaintiff Psy-Ed Corporation (Psy-Ed), a company he had founded, settled his claims against Psy-Ed for a total of $265,755, with $45,000 payable upon execution of the agreement and with the remaining $220,755 payable in quarterly installments. Subsequently, the defendant Kimberly Schive, a former employee of Psy-Ed, filed with the Massachusetts Commission Against Discrimination (MCAD) a complaint alleging that the plaintiff Joseph Valenzano, Jr., by that time the president and majority stockholder of Psy-Ed, had discriminated against her because of her hearing disability. Klein filed an affidavit that supported Schive's allegation.[3]

Shortly thereafter, Psy-Ed, with $120,000 still owed under the settlement agreement, alleged that Klein had materially breached that agreement, and stopped making payments thereunder. Psy-Ed and Valenzano commenced an action in the Superior Court, the complaint subsequently being amended, seeking damages from Klein and Schive for violation of G. L. c. 93A, § 11, defamation, business defamation, civil conspiracy, tortious interference with contractual relations, and tortious interference with advantageous business relations.[4,5] Klein counterclaimed, alleging, among other claims, tortious interference, abuse of process, misrepresentation, civil conspiracy, and violations of G. L. c. 93A, § 11, and G. L. c. 12, §§ 11H and

[3]The MCAD subsequently determined that there was probable cause to credit the allegations of Schive's complaint.

[4]Neither the complaint nor the defendants' subsequent counterclaim put the settlement agreement between Psy-Ed and Klein at issue because that agreement provided that all claims thereunder must be arbitrated.

[5]On December 30, 2002, the MCAD made a further determination of probable cause that the plaintiffs had retaliated against Klein for his support of Schive's complaint of handicap discrimination.

11I, on the part of the plaintiffs.[6] After a variety of discovery disputes, the parties apparently reached a discovery compromise, and filed a joint motion to enlarge the tracking order. By order of the court, the motion was allowed and new discovery deadlines were established.

However, within a short period after entry of the order, and with time for discovery responses by the plaintiffs rapidly approaching, the plaintiffs filed a motion for sanctions (the motion that ultimately precipitated the order against plaintiffs' counsel that is the subject of this appeal). At the same time, plaintiffs' counsel, notwithstanding the court's order, informed the defendants that his clients would participate in no further discovery until there was action on the motion for sanctions. The motion sought dismissal of Klein's counterclaim on the ground of spoliation of documentary evidence, together with the disqualification of Klein's counsel, George Field. Klein responded with his own motion to compel discovery and for sanctions under Mass.R.Civ.P. 11(a).

In their motion and supporting papers, the plaintiffs alleged that Klein had engaged in "systematic destruction of evidence, deception and fraud"; Field had collaborated in the destruction of evidence; Field had employed an imposter to steal evidence from Psy-Ed; Field had conspired with Klein to deceive the plaintiffs into entering into an unfavorable settlement with Klein; and Field had prepared one perjured affidavit and secured another for use by Schive in connection with her complaint to the MCAD. Klein and Field, who obtained separate representation by counsel, denied the allegations. A hearing was conducted, and the judge denied the plaintiffs' motion from the bench.[7] At the same time, the judge stated that she would entertain Klein's request for sanctions, and provided an opportunity for the parties to file affidavits on the subject. Klein and Field submitted a statement of costs and expenses incurred by them in opposing the plaintiffs' motion, and McCabe submitted an affidavit in opposition. The judge subsequently allowed

---

[6]Schive's motion to dismiss the counts against her on the ground that they were asserted solely because of her discrimination complaint, see G. L. c. 231, § 59H (the "anti-SLAPP" statute), was denied.

[7]The judge subsequently allowed Klein's motion to compel discovery.

Klein's motion in full, ordering McCabe personally to pay attorney's fees and costs in the amount of $36,050.50.

2. *The applicable standard.* In response to the judge's indication that she would consider Klein's request for sanctions as a result of the plaintiffs' unsuccessful motion, McCabe filed an affidavit asserting that he had carefully investigated the facts and the law before filing the plaintiffs' motion, and that he had a good faith belief that the position he was advocating was justified. He relies on *Van Christo Advertising, Inc.* v. *M/A-COM/LCS,* 426 Mass. 410, 416 (1998) (*Van Christo*), for the proposition that "rule 11(a) authorizes a judge to impose attorney's fees and costs where an attorney has failed to show a subjective good faith belief that the pleading was supported in both fact and law." From this, he argues that his affidavit set forth his belief, based on reasonable inquiry, that the facts were as he alleged, and that applicable law entitled the plaintiffs to the relief that they sought. Thus, his argument continues, the judge erred in imposing sanctions because *Van Christo* declares sanctions inappropriate when the attorney has a subjective, good faith belief in his course of action.

McCabe's interpretation of the *Van Christo* decision is correct to a limited extent. The Massachusetts version of rule 11(a) does not call for application of an objective standard. Rather, in contrast to the more rigorous (at least after the 1983 amendments) Fed.R.Civ.P. 11, our rule requires a finding that an attorney engaged in a "wilful violation" before sanctions may be imposed. See *Van Christo, supra* at 412, 416 n.12. We have interpreted the rule as requiring at least some level of reasonable inquiry. See *Doe* v. *Nutter, McClennen & Fish,* 41 Mass. App. Ct. 137, 142 (1996) (attorney furnished with case law demonstrating that no cause of action existed). However, the position advanced by the attorney need not ultimately be established to be correct, or even reasonable, for the attorney to be protected from rule 11(a) sanctions. We are concerned that we not "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Van Christo, supra* at 418, quoting from Advisory Committee Note to 1983 Revision to Fed.R. Civ.P. 11, 97 F.R.D. 198, 199 (1983).

Nevertheless, McCabe's apparent conclusion that these

criteria are satisfied automatically merely by submission of an affidavit claiming a good faith belief in the facts and the law is unwarranted. Such an interpretation places application of the rule wholly within the control of the attorney who may have violated it, thereby rendering the rule effectively meaningless. We reject what is essentially a neutering of the rule. Rather, we view the affidavit contemplated by the *Van Christo* decision as not materially different from a number of other affidavits, that is, it is a form of sworn testimony the credibility of which is to be determined by the judge. The statement in that opinion that "[u]nder our rule, [the attorney's] affirmations in [his or] her affidavit are sufficient to withstand [the] motion for sanctions," *Van Christo, supra* at 418, means only that, in the particular circumstances of that case, the attorney's affirmations were worthy of belief. It is up to the judge to decide whether to credit the attorney's profession of good faith. In the present case, the judge did not apply erroneous legal criteria in reviewing the credibility of McCabe's affidavit.

3. *The judge's findings.* McCabe complains that the judge did not consider his affidavit before imposing sanctions. There is a difference between ignoring the affidavit and not believing it. "A judge has discretion in imposing sanctions under rule 11(a), and our function is to determine whether the judge abused that discretion, which includes considering whether proper legal standards were applied and whether there was reasonable support for the judge's evaluation of the facts." *Id.* at 417. We therefore consider whether the judge's rejection of McCabe's proposition that he acted in good faith was permissible.

Our analysis begins with a recognition of the serious nature of McCabe's accusations in the plaintiffs' motion for sanctions. That motion charged that one of the opposing parties, Klein, had wilfully destroyed relevant evidence. It further charged a fellow member of the bar, Field, with collaboration in the destruction, including using an agent to gain access to, and steal, the evidence, as well as with participation in the creation and use of affidavits containing perjured testimony. These are extraordinary statements that ought not to be tossed off casually, particularly as they affect another attorney and call into serious question his adherence to applicable rules of professional conduct.

Called on to justify the charges, McCabe filed a two and one-half page affidavit containing ten numbered paragraphs. The first paragraph is an identification paragraph. The ninth and tenth paragraphs are devoted to the amount of fees sought as a rule 11(a) sanction. Thus, McCabe's case in support of his accusations is set forth in paragraphs two through eight. Of these, paragraphs two, seven, and eight are wholly conclusory.[8]

Insofar as substantive testimony is concerned, McCabe states (paragraph three) that the plaintiffs' motion "was based upon our investigation of the facts, which included interviews of all of the witnesses who filed affidavits in support of the motion, and our review of documents." The paragraph is silent as to what the "investigation of the facts" consisted of, what documents were reviewed, or how the referenced affidavits convinced McCabe that his serious accusations were justified.

Paragraph four of McCabe's affidavit recites that he and his associates "conducted extensive legal research on, among other things, disqualification of counsel . . . and the doctrine of spoliation." That may be, but such research would have shed little, if any, light on what the facts actually were. Paragraph five repeats the statement that the affiants were interviewed, and adds a self-serving assertion that "[w]e in good faith believed each of the allegations." Paragraph six states merely that McCabe's firm developed arguments and strategy, and sought relief for the alleged wrongdoing, ending with another conclusory statement that "[w]e did not interpose any arguments to harass or intimidate the opposing parties or their counsel."

---

[8]These paragraphs in their entirety are as follows:

"2. I believe that we have attempted to represent our clients zealously, but within the bounds of the law and good practice in this action.

". . .

"7. I believe that at all times we acted in good faith and consistent with our obligations to our clients and to the Court.

"8. I am confident that a review by the Court of our pleadings in this matter will serve to substantiate my beliefs and statements."

Given that McCabe, in a public forum, accused others of theft, fraud, and perjury, these statements, designed to establish that he proceeded on the basis of a good faith belief that the charges were true, are totally inadequate. Nowhere is there any factual description of what McCabe actually did to verify the information that formed the basis of his serious allegations. As support for the extreme charges leveled at Klein and Field, McCabe's affidavit seems to be nothing more than an after-the-fact rationalization. The judge acted entirely within her discretion in declining to credit McCabe's affidavit, and in concluding that the charges were asserted purely for the purpose of obtaining an unfair advantage for the plaintiffs in the litigation.

While McCabe's failure to convince the judge of his subjective good faith was sufficient to support the rule 11(a) determination, the judge permissibly factored in other considerations, including the timing of McCabe's motion (immediately prior to the date ordered by the court for production by McCabe's clients); the rejection by McCabe of efforts by Field's counsel to explain to him why the plaintiffs' motion (as yet to be filed) was unjustified; the labeling as aiding in perjury Field's preparation of an affidavit setting forth Klein's assertions in connection with Schive's discrimination claim; the wholly baseless contention that Field was obligated to disclose the affidavit's subject matter when negotiating the previous settlement on Klein's behalf; the failure to investigate a purported professional association between Field and the "Attorney Gordon" who allegedly took the documents in question (in the face of denials by both Field and Klein); and the absence of any explanation by McCabe of how the allegedly pilfered documents might have influenced the outcome of the case.[9] These elements lend further support to the judge's determination that

---

[9]McCabe contends that the judge's reference to an alleged breach of the settlement agreement displays ignorance of the actual claims in the underlying litigation and therefore of the significance of the alleged spoliation. The argument misconceives the judge's point. The judge referred to the alleged breach as being "at the heart of this case." Obviously it was, given that the plaintiffs stopped making payments to Klein for which, absent such a breach, they were obligated. The alleged breach, while itself subject to mandatory arbitration, spawned the plaintiffs' claims in this action. McCabe has made no showing how the missing documents might have affected those claims.

there was an absence of good faith on McCabe's part. The question is not whether McCabe's view of the case and how to prosecute it was wrong. Rather, the question is whether his view was a product of a genuine, professional judgment, or was instead motivated by an intent to harass the opponent and drive up his costs. The judge's finding that it was the latter was fully supported by the evidence.

Apart from his position that sanctions should not have been imposed at all, McCabe asserts that the amount awarded ($36,050.50) was excessive. He complains in two respects. He suggests first that, when the judge invited submission of detail regarding sanctions for the plaintiffs' frivolous motion, she had in mind only those fees incurred by Field to defend himself in connection with the request for his disqualification, and not the fees incurred by Klein to defend against the relief sought from him as a party (including the dismissal of his counterclaims). The record does not support McCabe's proposition. The judge plainly invited submissions both from Klein and from Field. Indeed, it would have been illogical in the circumstances to have done otherwise.[10]

McCabe also attacks the amount awarded, suggesting that it reflects fees generated during the period in question for all activities connected with the case, rather than being limited to the expenses of defending against the plaintiffs' motion for sanctions. Klein and Field supported their fee requests, adequately distinguishing the fees for defending against plaintiffs' motion from other fees related to the underlying case. McCabe filed nothing in opposition to the amount requested other than his inaccurate characterization of what the fees were for and a conclusory statement that "[a] sanction on this order

---

[10]We note that McCabe, in making his argument on this point, states as follows: "The Court invited Field's independent counsel — a social acquaintance of the Court — to file a request for sanctions against McCabe in the amount of the legal fees incurred in defending Field." The statement is not only misleading (the trial judge so noted in her order of April 22, 2003, disapproving McCabe's statement under Mass.R.Civ.P. 8[c]), but also unfairly impugns a respected member of the Superior Court. It is obvious that, despite his prior unfavorable experience with rule 11(a), see St. Germain *vs.* Boston Popcorn Co., Superior Court, No. CV962404 (May 17, 2000) (Sosman, J.), affd., 57 Mass. App. Ct. 1118 (2003), McCabe continues to disregard accepted professional and ethical considerations.

of magnitude would be wholly disproportionate to any perceived offense." On this record, the judge did not abuse her discretion in awarding the full amount sought.

4. *Absence of a hearing.* McCabe complains that the judge conducted no hearing before imposing the sanctions requested by Klein and Field. Rule 11(a) does not expressly require a hearing ("For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action"). Contrast, for example, G. L. c. 231, § 6F. The Supreme Judicial Court has stated that sanctions should not be awarded without "an opportunity for a hearing." *Beit* v. *Probate & Family Ct. Dept.,* 385 Mass. 854, 861 (1982). McCabe could have requested a hearing, see Superior Court Rule 9A(c)(2), but did not do so. He contented himself with filing the affidavit referred to above, which indicated that a hearing would be unnecessary ("I am confident that a review by the Court of our pleadings in this matter will serve to substantiate my beliefs and statements").

There was no denial of due process. McCabe had more than adequate notice that he was the target of a sanctions request. He had an opportunity to file a written submission on the subject, which he did, and to request a hearing, which he did not. He had already participated in a lengthy hearing on the plaintiffs' own motion for sanctions, at which time he attempted to defend his position on the facts and law. In these circumstances, particularly where the judge had full knowledge of the facts and the conduct of the attorneys, the absence of another hearing did not deprive McCabe of any rights.

We conclude with a comment. The tactics identified and sanctioned in this case are, sadly, not unique. Consideration of those forces in our culture in general, and in the legal profession in particular, that all too frequently transform the litigation process into a hateful, protracted, and unnecessarily expensive contest of endurance is beyond the scope of this opinion. There is more than sufficient blame to distribute. To the extent that we as judges ignore such behavior, we also become part of the problem. The judge in this case commendably did what all judges must do to protect the process from becoming intractably ugly.

The defendant's request for attorney's fees on appeal is denied.

*Order allowing motion for sanctions affirmed.*