Rutberg, J.
In 1986, James Kumpey was a student at Worcester State College (the “College”), and he signed a series of promissory notes evidencing student loans he received to finance his education. Mr. Kumpey owed $1,211.41 when he defaulted on his obligations, and the College brought a small claims proceeding against him in the Worcester Division of the District Court in 1994. The College received a judgment in the small claims case; several months later, Mr. Kumpey satisfied the judgment in full. In March, 1999, the College retained different counsel, the Daniels Law Offices (“Daniels”), and it demanded payment from Mr. Kumpey; at that time, the College believed that Mr. Kumpey still owed a balance on the loans.
Shortly after the matter had been referred to Daniels, it made a demand for payment; but Mr. Kumpey did not respond to the Daniels’ correspondence. After Mr. Kumpey was served with the complaint, he contacted Daniels explaining that he paid the balance years before with a bank cashier’s check. At Daniels’ request, Mr. Kumpey provided a facsimile copy of the check to Daniels which it forwarded to the College; three days later, a default was entered against Mr. Kumpey at Daniels’ request. Two weeks after the default entered, the College told Daniels that the claimed balance was still due. The College told Daniels that the debt evidenced by the previous judgment was for accrued arrears only as the College had not accelerated the loan when the previous small claims action was filed.
Mr. Kumpey had the default removed and the case proceeded toward trial; however, the College moved for summary judgment. A hearing was held on the College’s motion which was denied, and the notice of the denial from the Clerk’s office stated that “a genuine issue of material fact [was] in dispute.” Mr. Kumpey did not file a cross-motion for summary judgment. The case was tried in Septem *80 ber, 2003; and, at the conclusion of the plaintiffs case, the trial judge apparently announced that the College had not proved a prima facie case.[2] The trial judge stated that the College’s claim was collaterally estopped and said, “I’m going to defer [entry of judgment] for a hearing on the assessment of attorney’s fees in favor of Mr. Kumpey’s counsel.” A hearing was held two weeks later, and the trial judge ordered Richard Daniels, Esq. to pay $2,000.00 to Mr. Kumpey as a sanction pursuant to Mass. R. Civ. R, Rule 11. Mr. Daniels now appeals the imposition of sanctions along with the entry of the payment order.
Rule 11(a) of the Mass. R. Civ. R states that an attorney’s signature on a pleading constitutes his or her certificate that there is good ground to support the pleading and it is not interposed for delay. The rule goes on to subject any attorney to “appropriate disciplinary action” for any wilful violation. Although Rule 11 does not specifically direct the imposition of attorney’s fees for its violation, the Supreme Judicial Court has concluded “that such an award was a permissible, and indeed appropriate, sanction for a wilful violation of the... rule.” Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 416 (1998). The Van Christo case, the leading one on this issue, went on to hold that Rule 11 sanctions could only be imposed against an attorney who “has failed to show a subjective good faith belief that the pleading was supported in both fact and law.” Id. See also Psy-Ed Corp. v. Klein, 62 Mass. App. Ct. 110, 113 (2004).
The trial judge found “that the Plaintiff’s agents, servants and or employees acting in good faith could have and should have discovered that this action was specious and totally without merit.” He went on to find that Daniels “with a modicum of attention to the pleadings and discovery in this case could have and should have discovered that this action was specious and that the doctrine of res judicata [prevented bringing this action].” The trial court incorrectly applied an objective standard in evaluating Daniels’ actions in this case; it made no finding of subjective bad faith that is the sine qua non to allowing the imposition of sanctions under Rule 11. Id. While there appears to be little, if any, evidence in the record of Daniels’ subjective bad faith, the trial court should have an opportunity to amplify its findings on this issue if the same are warranted to meet the appropriate standard of subjective bad faith.
In passing, we note that the trial court’s finding regarding the attorney’s activities is conclusory and lacks subsidiary findings to justify the ultimate conclusion. Indeed, the court found nothing which even questions Richard Daniels’ assertion that he contacted the College as soon as he learned of Mr. Kumpey’s defense and was told by his client, the College, that this defense was inappropriate. If Mr. Daniels was so informed, we are left to wonder how aggressively, if at all, an attorney must cross-examine his own client to avoid being found in bad faith if the client’s assertions prove untrue, as they did in this case. Regardless of its salutary purposes, Rule 11 should not be read so broadly as to require attorneys to research and document independently their clients’ routine factual assertions. To do otherwise would seriously undermine the attorney-client relationship not to mention add vastly to the already high cost of litigation.
This matter is returned to the trial court for further proceedings consistent with this opinion.
So ordered.

 The trial transcript states as follows: “I’m going to rule that the plaintiff has not proved a [inaudible] case, that the account has been satisfied based on the evidence presented the court and with the court’s pleadings.” Tr. p. 31.