Sikora, Mitchell J., J.
RULING
Upon consideration of all motion and opposition materials, the court DEMES defendant Travelers Insurance Company’s (“Travelers”) motion for reconsideration of its motion for summary judgment.
REASONING
1. Under Superior Court Rule 9D, a party seeking reconsideration of a prior ruling (especially a written reasoned prior ruling) must show (a) newly discovered evidence, or (b) a change of circumstances, or (c) a change of law, or (d) a plain error of law or fact in the original ruling. Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 622 (1989); Peterson v. Hobson, 306 Mass. 597, 600 (1940); Honrahan v. City of Boston, 53 Mass.App.Ct. 1114 (2002); and Clamp-All Corporation v. Foresta, 53 Mass.App.Ct. 795, 810 (2002).
2. Travelers’ present motion thoroughly fails to satisfy any one of those criteria. As the opposition of Hingham Mutual Fire Insurance Company points out, the motion is simply a rehash of previously failed arguments. In substance, the present memorandum offers no difference from the original memorandum.
*736 3. In recent years wasteful abuse of the reconsideration mechanism has become a growing tactic in the Superior Court. It abuses the time, effort, and resources of the opposing party. Especially in instances of dispositive motions, such as the present summary judgment motion, the opposing party must often take the precaution of filing an opposition to the motion for reconsideration. Sometimes that opposition will require extensive work. Also, the abusive motion wastes the time and effort of the original motion judge. He or she must revisit the old papers and inspect the new ones. The judge begins with a presumption of good faith in behalf of the movant for reconsideration. All too often that presumption fails to hold up. The present motion is an example of that disappointment.
4. As the earlier reasoning pointed out, the original motion was an exceptionally weak candidate for summary judgment. It depended upon obvious questions of the parties’ state of mind, of credibility, and of negligence, among others. Numerous precedents (collected in the original ruling) and common sense weigh against the application of summary judgment to those factual categories. Nonetheless, Travelers pursued an inappropriate motion for summary judgment and then an inappropriate motion for reconsideration.
5. Counsel tempted to abuse the reconsideration process should bear in mind that a written reasoned decision of an earlier motion is not a rehearsal or a practice session. A federal district court judge has made the point with emphasis. “This court’s opinions are not intended to be mere first drafts, subject to revision and reconsideration at a litigant’s pleasure.” Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D.Ill. 1998). The motion is not available to stall against the implementation of the original ruling, to hector or to wear down an opponent, to posture for the client, or to vent resentment or anger at the judge.
6. Counsel for Hingham Mutual has responded concisely with a one-page opposition. If this wasteful motion had caused Hingham Mutual’s counsel additional time and effort, the circumstances would justify a motion for sanctions for bad-faith motion practice as authorized by Mass.R.Civ.P. 11(a). See Pay-Ed Corporation v. Klein, 62 Mass.App.Ct. 110, 113-14, 117-18 (2004).