Lemire, James R., J.
The plaintiff, Three-A Sac Self Storage LP (“Self Storage”), brings this action pursuant to G.L.c. 40A, §17 against the defendants, the members of the Zoning Board of Appeals for the City of Leominster (“ZBA”), and Derby Farms, LLC (“Derby”), seeking judicial review of the ZBA’s decision to uphold the Director of Inspections’s decision regarding the rental of vehicles from Self Storage’s property at 438 Harvard Street, Leominster (438 Harvard Street). Derby Farm has been named by the plaintiff as an interested party. Derby Farm now brings this special motion to dismiss, pursuant to G.L.c. 231, §59H, arguing that the plaintiff has no basis for naming them other than Derby’s exercise of its protected right to petition. The court held a hearing on the matter on February 27, 2008. For the following reasons, the defendant’s Motion to Dismiss is hereby ALLOWED.
BACKGROUND
Self Storage filed a Notice of Appeal pursuant to G.L.c. 40A, §8 with the ZBA contesting a decision made by the Director of Inspections relating to the rental of moving trucks at 438 Harvard Street. Self Storage owns property abutting Derby.[2] After two public hearings at which Derby voiced opposition to Self Storage’s appeal the ZBA voted unanimously on November 27, 2007 to uphold the Director of Inspections’s decision. As a result of the ZBA’s decision Self Storage filed the present action pursuant to G.L.c. 40A, §17.[3]
*636 DISCUSSION
The defendant, Derby Farm, LLC, has filed a Special Motion to Dismiss pursuant to the anti-SLAPP statute, arguing that the plaintiffs claims are “based solely on the defendant’s petitioning activities.”
Chapter 231, Section 59H, the Anti-SLAPP statute, states:
In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss . . . The Court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party. In making its determination the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
G.L.c. 231, §59H (2007 ed.); Fabre v. Walton, 436 Mass. 517, 520 (2002).
The SJC has established a burden-shifting mechanism to be applied when ruling on a special motion to dismiss under the anti-SLAPP statute. First, the moving party must make a threshold showing that the claims against it are based on the petitioning activities alone “and have no substantial basis other than or in addition to the petitioning activities.” Baker v. Parsons, 434 Mass. 543, 550 (2001). Once the moving party establishes that the claims against it are based solely on the petitioning activities, the burden shifts to the non-moving party to show by a preponderance of the evidence (1) that the moving party’s petitioning activity was devoid of any reasonable factual support or arguable basis in law, and (2) that the moving party’s activities caused actual injury to the responding party. G.L.c. 231, §59H, Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 167-68 (1998).
In the case at bar, Derby has met its initial burden by showing that Self Storage’s complaint was based solely on its opposition to the two appeals by Self Storage to the Director of Inspections’s decisions. “Once the special movant [demonstrates that the claims against it are ‘based on’ the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities], the burden shifts to the nonmoving parly as provided in the anti-SLAPP statute.” Duracraft at 167. Specifically, Self Storage has the burden to show, by pleadings and affidavits, and by a preponderance of the evidence, that Derby’s petitioning activities were (1) devoid of any reasonable support or arguable basis in law and (2) the petitioning activities caused actual injury to the responding party. G.L.c. 231, §59H. Self Storage has failed to address either of these requirements in any of its pleadings or affidavits. However, based on the pleadings and affidavits before this Court, there is little doubt that Derby’s opposition at the ZBA hearings had at least some reasonable support or arguable basis in law. It is also equally clear that Derby’s petitioning activities have, in no way, caused “actual injury” to Self Storage for the purposes of G.L.c. 231, §59H. Therefore, Self Storage has not met its burden under the anti-SLAPP statute as the party opposing the special motion to dismiss.
Instead, Self Storage contends that G.L.c. 231, §59H does not apply because there is no claim against Derby and Derby need not appear in the case, citing Garabedian v. Westland, 59 Mass.App.Ct. 427, 433 (2003), as authority. The plaintiff claims that they rightfully named Derby because Derby is an interested party. The Appeals Court found in Garabedian that the plaintiffs declaratory judgment complaint had a substantial basis other than or in addition to the defendant’s petitioning activities. In Garabedian, the plaintiff had been bringing fill onto his land to build a private airport runway. The defendants protested before town and state officials, summoned the police, leafleted the neighborhood, and organized attendance at public meetings — each of which the court acknowledged were petitioning activities. Id. at 432. However, the defendants had also harassed Garabedian’s contractor and used video surveillance to monitor Garabedian’s activity. Id. While “some of the challenges thrown up by the defendants . . . had the character of ‘petitioning activity’ as that has been described in the anti-SLAPP statute, G.L.c. 231, §59H, and by decisional law interpreting that statute . . . other aspects of their intervention lacked the characteristics of petition . . .” Id. at 432. The Appeals Court vacated the Superior Court’s allowance of the special motion to dismiss because there was a substantial basis for the declaratoiy judgment complaint other than or in addition to the defendants’ petitioning activities. Id.
I find that the plaintiffs reliance on Garabedian is without merit. Unlike the Garabedian case, in the case at bar, I find that there is no other basis for the plaintiff to name Derby other than their petitioning activities. This matter is filed pursuant to G.L.c. 40A, whereas Garabedian involved a declaratory judgment action.[4] A declaratory judgment action requires all interested persons to be named as parties. G.L.c. 231A, §8 reads in part “[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . .” The current Chapter 40A action applies only to the ZBA and the plaintiff. Other parties may intervene only by way of motion.[5] Therefore, Self Storage’s argument in support of naming Derby must fail.
*637 Since Self Storage has not met its burden under the anti-SLAPP statute as the party opposing the special motion to dismiss Derby’s motion must be allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that Derby’s Special Motion to Dismiss is ALLOWED.

Derby is considered a “party in interest” pursuant to G.L.c. 40A, §11 and is entitled to receipt of notices of all public hearings regarding Self Storage’s property.

A second appeal on the same issue resulted in Self Storage claiming constructive approval because of the ZBA’s failure to take timely action. As a result, Derby filed an action as an abutter against Self Storage in this court Worcester Superior Court Civil Action Number 07-1938B.

G.L.c. 231A, §§1-9.

“Other persons may be permitted to intervene, upon motion.” G.L.c. 40A, §17.