Troy, Paul E., J.
INTRODUCTION
YSI Ventures, LLC (“YSI”) filed this action against the City of Boston Zoning Board of Appeals (“ZBA”) and abutter William Oates (“Oates”) seeking judicial review of the ZBA’s decision to annul an alteration permit issued to YSI, and further seeking a declaration that the permit is valid. This matter is before the court on Defendant William Oates’s Special Motion to Dismiss Pursuant to G.L.c. 231, §59H and Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, the motion is DENIED.
BACKGROUND
YSI is the record owner of residential property located at 75-77 Beechcroft Street in Brighton, Massachusetts (“the Property”), a triple-decker building. YSI filed an application with the City of Boston In-spectional Services Department (“ISD”) seeking a building permit to renovate and remodel the interior of the Property, including reconfiguring the floor plan for each unit, constructing an exterior open stairway to access the units, and installing a sprinkler system in the building. On December 5, 2012, ISD determined that the project was “as of right” and did not require relief from ZBA, and issued an alteration permit without notifying abutters. YSI then began construction of the project.
Oates resides at 71-73 Beechcroft Street in Brighton. He is the Chief Information Officer for the City of Boston. On December 14, 2012, Oates wrote to ISD, copying his letter to Mayor Thomas Menino and City Councilor Mark Ciommo, and requested that ISD issue a “stop work order” for the Properly. In the letter, Oates asserted that the construction was not as of right and that abutters were entitled to notice of the permit application. The letter was signed by Oates, his wife, Marion, Reggie and Ruth Jean, Brock Wollett, and Aisha Qazi. On December 21, ISD Deputy Commissioner Gary Moccia reaffirmed the issuance of the permit as of right, and declined to issue a stop work order.
On January 16, 2013, Oates appealed this decision to the ZBA, asserting that the scope of the work on the Property “is well beyond as of right” and extends the nonconformity of the land and building. Oates did not cite to any specific section of the City of Boston Zoning Code. The Appeal Form completed by Oates is signed by him individually and does not indicate that he is acting in the capacity of a trustee or on behalf of others. The ZBA notified YSI that it would hold a public hearing on Oates’s appeal. On May 7, 2013, ZBA issued its decision, concluding that ISD erred in granting the permit. ZBA did not make any determination of Oates’s standing to pursue an appeal.
YSI filed this action on July 9, 2013 against ZBA and Oates. Count I of the complaint alleges that ZBA’s decision was arbitrary and capricious. Count II alleges that ZBA exceeded its authority because Oates lacked standing to appeal the issuance of the permit. Count III alleges that Oates’s appeal was defective because he failed to comply with section 5-2 of the City of Boston Zoning Code, which requires citation to the specific code provision allegedly violated. Count IV *597 alleges that ZBA violated Chapter 666 of the Acts of 1956 by failing to include in its decision a detailed record of the proceedings and the reasons for the decision. Finally, Count v. of the complaint seeks a declaratory judgment that ZBA’s decision is not legally tenable and that the permit is valid.
Oates seeks dismissal of Counts n, III, and v. against him pursuant to G.L.c. 231, §59H. In the alternative, he seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). In support of his §59H motion, Oates has filed an affidavit stating the following. He lives at 71 Beechcroft Street, Unit 2 and is a trustee of the Beechcroft Street Condominium Trust, the governing body for the association of condominium unit owners at 71 Beechcroft Street. The Property is a three-family structure which is similar to approximately 15 others in the neighborhood, and contains three units, each of which has two bedrooms, one office, and one bathroom. Like the other three-family structures in the neighborhood, the Property provides access to the upper units via an internal stairway, and has porches on the back of the building for each unit. On December 6, 2013, Oates became aware that holes had been dug into the exterior of the Property, which surprised him because he believed YSI’s renovations involved only interior work. On December 7, he spoke to ISD on behalf of all the condominium owners in his building, objecting that the work on the Property would extend nonconformities by adding a fourth bedroom to the units, thereby increasing the density of occupation, and by altering the exterior of the building. When ISD refused to issue a stop work order, Oates filed an appeal on behalf of the Beechcroft Trust. Oates opines that YSI named him in this lawsuit in his individual capacity to retaliate against him for opposing the permit.
DISCUSSION
I. SPECIAL MOTION TO DISMISS
Oates first moves to dismiss Counts II, HI, and v. against him pursuant to G.L.c. 231, §59H, the anti-SLAPP (Strategic Litigation Against Public Participation) statute, which provides in relevant part:
In any case in which a party asserts that the civil claims . . . against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss . . . The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding parly. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
For purposes of this statute, the exercise of the right of petition is defined, in relevant part, as: “any written or oral statements made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding . . .” G.L.c. 231, §59H. The Legislature enacted the anti-SLAPP statute to provide a quick remedy for citizens targeted by frivolous lawsuits based on their government petitioning activities. Fustolo v. Hollander, 455 Mass. 861, 864 (2010). To be entitled to dismissal, the special movant must make a threshold showing that the claims against it are based on petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities. Marabello v. Boston Bark Corp., 463 Mass. 394, 398 (2012); Fustolo v. Hollander, 455 Mass, at 865.[2]
The claims against Oates indeed are based on his petitioning activity, as the only conduct in which he is alleged to have engaged is requesting zoning enforcement from ISD and filing an appeal with ZBA. See Dickey v. Warren, 75Mass.App.Ct. 585, 590, rev. den., 455 Mass. 1107 (2009), cert, den., 560 U.S. 926 (2010) (complaints to City of Boston inspectional services department during condemnation hearing constitute petitioning activity under §59H); Donovan v. Gardner, 50 Mass.App.Ct. 595, 599 (2000) (appeals to zoning board, conservation commission, fire department, and other local and state regulatoiy bodies constitute petitioning activity). Nonetheless, this Court concludes that this case comes within the letter of the anti-SLAPP statute but not within its spirit. See Duracraft Corp. v. Holmes Prod. Corp., 427 Mass. 156, 167 (1998).
Improper SLAPP suits typically involve civil complaints or counterclaims for monetary damages or injunctions. Id. at 162. See also Garabedian v. West-land, 59 Mass.App.Ct. 427, 433, rev. den., 440 Mass. 1110 (2003) (noting that requests for damages “are hallmarks of the bullying sort of action that the anti-SLAPP statute aims to discourage”). Here, however, YSI has not asserted any substantive legal claim against Oates and does not seek any damages from or equitable relief against him. Cf. Demoulas Super Markets, Inc. v. Ryan, 70 Mass.App.Ct. 259, 261 (2007) (developer brought abuse of process, malicious prosecution, and contractual interference claims against abutters who appealed conservation commission order); DePiero v. Burke, 70 Mass.App.Ct. 154, 157 (2007) (homeowner brought abuse of process claim against neighbor who appealed planning board’s approval of his subdivision and issuance of construction permit). Rather, YSI has named Oates as a defendant in this lawsuit because as the abutter who initiated the zoning appeal, Oates has a legal interest injudicial review of ZBA’s action. Cf. Butts v. Zoning Bd. ofApp. of Falmouth, 18 Mass.App.Ct. 249, 253 (1984) (under G.L.c. 40A, §17, abutter who appeals issuance of special permit is necessary party who must be named as defendant to complaint for judicial review).[3] In *598 addition, Oates is a necessary party to declaratory relief concerning his standing to pursue the appeal. See G.L.c. 231A, §8. Notably, however, Oates is merely a nominal defendant to this lawsuit and is not required to expend significant time or resources to defend against it.
SLAPP suits protected by G.L.c. 231, §59H are generally meriüess suits brought by private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so. Duracraft Corp. v. Holmes Prod. Corp., 427 Mass, at 161. The objective of a SLAPP suit is not to win the suit but rather, to use litigation to intimidate or harass the opponent for his petitioning activity. The Cadle Co. v. Schlichtmann, 448 Mass. 242, 248-49 (2007); In re Discipline of an Atty., 442 Mass. 660, 673 (2004). Here, it is apparent that YSI’s objective is in fact to win this lawsuit, so that it can obtain a building permit and proceed with its intended renovations. It is also clear that YSI named Oates as a defendant, not to retaliate against him, but because he is a necessary pariy with respect to the relief sought in Superior Court.[4] Accordingly, there is a substantial basis for filing this suit against Oates, and his status as a nominal defendant in this lawsuit is beyond the reach of the anti-SLAPP statute. See Garabedianv. Westland, 59 Mass.App.Ct. at 433 (§59H motion to dismiss should have been denied where plaintiffs naming of his neighbor as defendant in declaratory judgment action over zoning dispute did not place neighbor at risk of damages or legal fees, and neighbor could have let town defend case for him). Cf. North Amer. Expositions Co. Ltd. P’Ship v. Corcoran, 452 Mass. 852, 868-69 (2009) (court properly dismissed complaint under §59H where in addition to declaratory judgment, plaintiff sought injunction and tortious interference with contract damages against defendant based on petitioning activities). In the view of this Court, Oates has not demonstrated his entitlement to dismissal under G.L.c. 231, §59H.[5]
II. RULE 12(b)(6) MOTION TO DISMISS
Oates further moves to dismiss Counts II, III, and v. against him for failure to state a claim upon which relief can be granted under Mass.R.Civ.P. 12(b)(6). When evaluating the legal sufficiency of a complaint pursuant to Rule 12(b)(6), the court accepts as true all of the factual allegations of the complaint and draws all reasonable inferences from the complaint in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Berish v. Bornstein, 437 Mass. 252, 267 (2002). The court need not accept as true legal conclusions cast in the form of factual allegations. Schaer v. Brandéis Unto., 432 Mass. 474, 477 (2000). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011); Iannacchino v. Ford Motor Co., 451 Mass, at 636. The plaintiffs allegations must be more than mere labels and conclusions and must plausibly suggest, not merely be consistent with, an entitlement to relief. Id.
Oates contends that YSI’s claims fail because his appeal to the ZBA was in fact valid; i.e., heisa“person aggrieved” under the Boston Zoning Act and filed his appeal in the proper form. These arguments implicate the merits of YSI’s complaint and cannot be resolved on a Rule 12(b)(6) motion. YSI’s complaint meets applicable pleading requirements and states a plausible claim for judicial review. Accordingly, the Rule 12(b)(6) motion must be denied.
III. RULE 11 MOTION
Finally, YSI requests an award of costs and attorneys fees pursuant to Mass.R.Civ.P. 11 because there is no good ground for Oates’s anti-SLAPP motion. Rule 11 authorizes a judge to impose attorneys fees and costs where an attorney has engaged in a wilful violation and has failed to show a subjective good faith belief that a pleading was supported in both fact and law. Millenium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 651 (2010); Psy-Ed Corp. v. Klein, 62 Mass.App.Ct. 110, 113, rev. den., 442 Mass. 1114 (2004). A judge has discretion in imposing sanctions under Rule 11. Millenium Equity Holdings, LLC v. Mahlowitz, 456 Mass, at 651; Psy-Ed Corp. v. Klein, 62 Mass.App.Ct. at 114. The attorney’s conduct should be judged by what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Millenium Equity Holdings, LLC v. Mahlowitz, 456 Mass, at 651. “[T]he position advanced by the attorney need not ultimately be established to be correct, or even reasonable, for the attorney to be protected from rule 11(a) sanctions.” Psy-Ed Corp. v. Klein, 62 Mass.App.Ct. at 113. Here, there is no evidence that Oates’s counsel subjectively filed the special motion to dismiss in bad faith. Moreover, it was reasonable to believe that the claims against Oates might fall within the terms of the anti-SLAPP statute. Accordingly, this Court, in its discretion, declines to award Rule 11 sanctions.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant William Oates’s Special Motion To Dismiss Pursuant To G.L.c. 231, §59H And Mass.R.Civ.P. 12(b)(6) be DENIED.
It is further ORDERED that YSI Ventures, LLC’s motion for costs and attorneys fees be DENIED.

If the movant satisfies this burden, the opposing party must show by a preponderance of the evidence that the movant’s petitioning activities lacked any reasonable factual support or arguable basis in law. Fustolo v. Hollander, 455 Mass, at 865.

Oates is not strictly a necessary party under St. 1956, c. 665, §11 because the Boston Zoning Act does not include the language in G.L.c. 40A, §17 which requires the original appellant or petitioner to be named as a defendant.

That Oates is named individually does not support an inference of intent to harass him for the exercise of his petitioning rights, given that his appeal to ZBA apparently was filed in his individual capacity, with no indication that he was acting as a trustee on behalf of other residents. Moreover, YSI may have added “individually” in the caption to clarify that Oates is not being sued as a City official.

This Court acknowledges but disagrees with the decision in Three-A Sac SelfStorage, LP v. DeCarolis, 2008 Mass.Super. LEXIS 94 at *5-7 (Lemire, J.) [23 Mass. L. Rptr. 635] (dismissing under §59H a defendant named as an interested party in G.L.c. 40A, §17 appeal).