NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1140

NANCY AYERS KEOUGH

vs.

SECURITIES DIVISION OF THE OFFICE OF THE SECRETARY OF THE COMMONWEALTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Nancy Ayers Keough appeals from a Superior Court judgment affirming a final order of the Securities Division of the Office of the Secretary of the Commonwealth (division) in which the division concluded that Keough violated the Massachusetts Uniform Securities Act (act), G. L. c. 110A.  We affirm.

Background.  Inofin, Inc. was a Massachusetts corporation engaged in the provision of sub-prime auto financing.  To capitalize its business, Inofin engaged in the sale of unregistered and non-exempt securities to investors recruited via a compensated referral scheme, whereby private individuals would refer investors to Inofin in exchange for a certain percentage of those investments.  Between 2004 and 2009, Keough received $368,430.15 in compensation from Inofin identified as

"[r]eferral [f]ees" or sales commissions.  During that time, Keough was not registered as a broker-dealer or an agent of a broker-dealer in the Commonwealth.

The United States Securities and Exchange Commission (SEC) interviewed Keough under oath on June 8, 2010.  During that interview, Keough admitted to advising friends and family to invest with Inofin in exchange for compensation.  In April of 2011, the SEC sued Keough as a "relief defendant" in United States District Court for the District of Massachusetts for violations of Federal securities law because it contended that she received funds from Inofin sales commissions.  The SEC sought to recover commissions paid to Nancy deriving from activity by Nancy, her husband, and a third person in violation of Federal "securities law."  Her husband and others also were defendants.  On the same date, the division's enforcement section filed an administrative complaint against Keough, her husband, and another based on their participation in the Inofin referral scheme alleging violations of G. L. c. 110A, §§ 201 (a) and 301.  In a 2012 deposition with the SEC, Keough denied the veracity of her June 8, 2010 statements.  No portion of Keough's June 8, 2010 statements were used in the Federal action.

The enforcement section filed a motion for summary decision arguing that there was no genuine dispute of a material fact as to whether Keough had violated the act.  Keough opposed and in

support of her opposition, referred to portions of her own 2012 deposition testimony.  The acting director of the division found that there was no genuine dispute of material fact and granted summary decision with respect to the alleged violations.  In so holding, the acting director relied on evidence submitted by the enforcement section, including the SEC's statement of facts from the Federal proceedings and Keogh's June 8, 2010, pre-suit interview with the SEC.

Discussion.  We review a decision of the division to determine if it violates the standards set forth in G. L. c. 30A, § 14 (7).  See Silvia v. Securities Div., 61 Mass. App. Ct. 350, 358 (2004).  Under the statute, we may set aside a decision if it is not supported by substantial evidence and the substantial rights of any party have been prejudiced.  G. L. c. 30A, § 14 (7) (e).  Evidence is substantial for purposes of § 14 where it is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  G. L. c. 30A, § 1 (6).

Keough argues on appeal that the division erred in basing its decision on the SEC's statement of facts submitted in support of its motion for summary judgment in the Federal District Court, which did not rely on Keough's June 8, 2010 sworn testimony, and that pre-suit interview.  Keough asserts that the SEC statement of facts merely establishes that she

3

received commissions based on the solicitation efforts of her husband. Further, Keough contends that the discrepancy between admissions in her June 8, 2010 testimony and denials in her August 8, 2012, SEC deposition created a material issue of fact such that summary decision was improper.

Under G. L. c. 110A, § 201 (a), a person is prohibited from acting as a broker-dealer while unregistered in the Commonwealth. A broker-dealer is defined as "any person engaged in the business of effecting transactions in securities for the account of others." G. L. c. 110A, § 401 (c). Further, under § 301 of the act, a person may not transact or attempt to transact in business securities without registering or seeking exemptions for said securities.

The division had ample evidence to support findings that Keough, by her own admission, "brought" the "opportunity" to invest in Inofin to between seventy-five and one hundred friends. At no point during the relevant period was Keough registered as a broker-dealer or agent in Massachusetts, nor were Inofin securities registered or exempted under State law. Keough received compensation for investments in Inofin totaling over $300,000. Those admissions and the documentary evidence which supports them are sufficient to prove violations of § 201 and § 301 of the act.

4

Keough could not create a dispute of fact by relying on her post-suit deposition to contradict her pre-suit sworn interview. See Doe v. Harbor Schs., Inc., 446 Mass. 245, 261 (2006) (plaintiff failed to raise genuine dispute of material fact based on contradictory testimony alone where plaintiff's self-defeating testimony carried more force and detail); O'Brien v. Analog Devices, Inc., 34 Mass. App. Ct. 905, 906 (1993) (party cannot create disputed issue of fact by offering affidavit contradicting statements previously made under oath at deposition). It matters not that here the later contradictory statements were in a deposition, which also is a sworn statement. Mass. R. Civ. P. 30 (f) (1), as appearing in 489 Mass. 1407 (2022) (deposition witness must be sworn); Psy-Ed Corp. v. Klein, 62 Mass. App. Ct. 110, 114 (2004).

<u>Judgment affirmed</u>.

By the Court (Henry, Grant & Brennan, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered: October 16, 2023.

---

[1] The panelists are listed in order of seniority.

5